IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-629-F

| | |
|---|---|
| DELTON N. MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CUMBERLAND COUNTY HOSPITAL | ) |
| SYSTEM, INC. d/b/a CAPE FEAR | ) |
| VALLEY MEDIAL CENTER, and d/b/a | ) |
| CAPE FEAR VALLEY HEALTH | ) |
| SYSTEM, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the parties' Joint Motion to Redact Settlement Documents [DE-37] and the Joint Motion for Approval of Settlement [DE-27].

The Plaintiff in this action, physician assistant formerly employed by Defendant Cumberland County Hospital System, initiated this action by filing a complaint in this court alleging claims for violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.* The parties previously filed a Joint Motion to Seal [DE-26], requesting that several documents associated with their motion to approve the settlement be filed under seal. The court found that the parties had failed to proffer sufficient reasons and supporting evidence to rebut the presumption of access with regard to several of the documents, and denied the motion to seal without prejudice [DE-33]. The court allowed the parties, however, to file a motion for leave to file the documents in redacted form, if they so chose.

The parties have chosen to do so, and the court will therefore consider the instant motions.

For the reasons stated below, the Joint Motion to Redact Settlement Documents [DE-37] is ALLOWED, but the parties' Joint Motion for Approval of Settlement [DE-27] is DENIED without prejudice.

## I. JOINT MOTION TO REDACT DOCUMENTS

In the Joint Motion to Redact Settlement Documents [DE-37], the parties seeks to file redacted versions of (1) their Joint Motion Memorandum in Support of the Motion to Approve Settlement and (2) their Settlement Agreement. Additionally, the parties seek to file their Memorandum in Support of their Motion to Redact Settlement Documents and a supporting Affidavit filed under seal.

### A. Standard of Review

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231,

2

235 (4th Cir. 1984)).

Where the First Amendment guarantees access to judicial records, such access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180. "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Virginia Dep't of State Police*, 386 F.3d at 575. As some courts have observed, however, there is difficulty in applying the First Amendment access analysis in the context of a civil case involving nongovernmental litigants. *See, e.g., Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010). Indeed, the District Court for the Middle District of North Carolina aptly questioned:

> [I]n the context of a civil case involving nongovernmental litigants ... how does one define or discern a 'governmental interest?' Does the government have an interest in the vindication of an individual's right to personal privacy or a business's right to freedom from unfair competitive advantage?

*Id.* Of course, one response to these questions may be, no, the government does not have any interest in any of these rights, and consequently, most records filed by a nongovernmental litigant in a civil will not be sealed. Other courts, however, "have addressed this conundrum by substituting the notion of 'higher value' for 'governmental interest' in" the context of civil litigation involving private litigants. *Id.* (*citing Level 3 Comms., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580–83 (E.D.Va.2009) (discussing cases that cited right to privacy, property rights in trade secrets, privilege against disclosure of attorney-client communications, and duties created by contract as 'private' interests that might overcome a First Amendment right of access)). In an unpublished per curiam opinion, the Fourth Circuit has ruled that a district court could have closed a courtroom during a trial

3

and sealed portions of the record to protect trade secrets. *Woven Elec. Corp. v. Advance Grp., Inc.*, 903 F.2d 913, 1991 WL 54118, at *6–7 (4th Cir. April 15, 1991) (citing *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir.1983)). Although the Fourth Circuit did not directly address the "governmental interest" issue, its opinion in *Woven Electric* does suggest that under the right circumstances, certain "higher values" can overcome the First Amendment right of access.

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

## B. Analysis

The procedural requirements of *In re Knight Publishing Company* have been satisfied here. The parties' joint motion to file redacted documents has been docketed since November 5, 2013. No third parties or members of the press have attempted to file an objection to the motion, and therefore the court will consider the merits of the same.

Accordingly, the court must first determine whether the common law right of access and/or the First Amendment right of access attaches to the documents at issue here. As the court noted in its previous order, it is indisputable that a motion to approve a settlement agreement and an accompanying settlement agreement, both located in the court's files, are judicial records and

4

therefore the common law presumption of access applies to them. *See In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) (explaining that "judicial records" are "documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights"), *Tabor v. Fox*, 5:09-CV-338-BR, 2010 WL 2509907, at *1 (E.D.N.C. June 17, 2010) (stating that "there is no doubt the common law presumption of access applies" to a settlement agreement in a FLSA action). Additionally, the memorandum in support of the joint motion to file redacted documents and the supporting affidavit also constitute judicial records to which the common law presumption of access applies. Arguably, the First Amendment right of access may also attach to a motion to approve a settlement agreement in a FLSA action. *See Miles*, 799 F. Supp. 2d at 622 (explaining that although there is no controlling circuit authority, previous decisions of the Fourth Circuit "suggest that the First Amendment right of access is applicable"). In any event, the court finds it unnecessary to determine whether the settlement agreement and supporting memoranda in this case are governed by a stricter First Amendment right of access because the parties have proffered a sufficient reason, and supporting evidence, in support of filing a redacted version of the documents to satisfy the stricter standard.

Specifically, the parties assert that the redacted portions of the settlement agreement contain highly sensitive business information, unrelated to Plaintiff's FLSA claims, which Defendant is contractually required to keep confidential. Additionally, Defendant has set forth evidence that it will be subject to competitive harm if the confidential information is made public. In the past, this court and others have concluded that the need to keep confidential proprietary business information or trade secrets may constitute a "higher value" that can overcome both the common law and the First Amendment rights of access in appropriate circumstances. *See, e.g., Lord Corporation v. S&B*

5

Case 5:12-cv-00629-F   Document 38   Filed 11/13/13   Page 5 of 10

*Technical Prods., Inc.*, No. 5:09-CV-205-D, 2012 WL 4056755, at *1 (E.D.N.C. Sept. 14, 2012) (finding that the First Amendment presumption of access had been overcome where the moving party "demonstrated that the document in question contains confidential and proprietary commercial information, including information relating to alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as nonparties, information which is of the utmost importance to them but not generally available to the public or bearing importance to any public matters."). Here, the court finds that both the First Amendment and common law presumptions of access are overcome by Defendant's legitimate concerns about competitive harm. Additionally, the court finds that the settlement documents can be meaningfully redacted to avoid any such harm. The memorandum in support of the joint motion to file redacted documents and the supporting affidavit, however, discuss this confidential information in great detail and cannot be meaningfully redacted, and therefore, those documents may remain under seal.

Accordingly, the Joint Motion to Redact Settlement Documents [DE-37] is ALLOWED. Within seven days of the filing date of this order, the parties are DIRECTED to file the redacted versions of the Joint Motion to Approve Settlement Agreement and the Settlement Agreement as publicly-available judicial records on the docket. The Clerk of Court is DIRECTED to maintain the memorandum in support of the Joint Motion [DE-36] and the supporting affidavit [DE-36-3]under seal. Additionally, the Clerk of Court is DIRECTED to maintain the documents at docket entries 25 and 27, which are the unredacted versions of the motion to approve settlement and the associated settlement documents, under seal.

## II. JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or

settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946)). Accordingly, "claims for unpaid wages under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor." *Howell v. Dolgencorp, Inc.*, No. 2:09-CV-41, 2011 WL 121912, at *1 (N.D. W. Va. Jan. 13, 2011). Although the Fourth Circuit has yet to directly address the factors a court must consider when deciding motions to approve FLSA settlement agreements, the district courts in this circuit have typically considered the following: "(1) the extent of the discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery." *Howell*, 2011 WL 121912 at *2 (internal citations omitted); *see also Patterson v. Richmond School of Health & Technology*, Civil Action No. 3:10cv268, 2010 WL 4902046, at *1 (E.D. Va. Nov. 4, 2010). *See also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Here, the parties have briefed each of the preceding factors. Absent from the parties' briefing, however, is a discussion of attorney's fees. Courts have concluded that "[t]he FLSA . . . requires that a settlement agreement include an award of reasonable attorney's fees." *Lee v. The Timberland Co.*, No. C 07-2367 JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008) (citing 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorney's fees to be paid by the defendant, and the costs of the action.")); *see also Silva v. Miller*, No. 08-12011, 2009 WL 73164 at * 2 (11th Cir. Jan. 13, 2009). As the Eleventh Circuit explained:

7

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.").

*Silva*, 2009 WL 73164 at *2.

In this case, the Settlement Agreement provides that each party shall bear its own attorney's fees and costs. If Plaintiff is to be responsible for the payment of his counsel's attorney's fees, it appears that the court would have to consider Plaintiff's recovery to be his settlement amount ($25,000) *less* any fees he owes to his counsel. The court is without knowledge, however, as to what fees his counsel is owed or what arrangements have been made for his compensation. Obviously, the "real" amount of Plaintiff's recovery has an impact on this court's consideration of whether the Settlement Agreement should be approved.

Additionally, the Settlement Agreement contains a confidentiality provision. In light of this court's decision not to seal the Settlement Agreement in its entirety, the majority of the terms of the Settlement Agreement are now public, making the confidentiality provision unenforceable, at least as to the details surrounding the settlement of Plaintiff's FLSA claim. *See, e.g., Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (refusing to approve a settlement agreement that included confidentiality provisions because it "undermines the purposes of the" FLSA).

Accordingly, the court cannot approve the Settlement Agreement at this time, and the Motion to Approve the Settlement Agreement [DE-27] is DENIED WITHOUT PREJUDICE. Within 28 days of the filing date of this order, the parties may file (1) a notice that the parties intend to proceed

to trial; or (2) a new motion to approve a different settlement agreement. Any new settlement agreement must contain revised language concerning what Plaintiff must treat as a confidential, and any motion filed to approve a new settlement agreement must address what compensation Plaintiff must pay to his attorney, including appropriate supporting evidence, and also address why the settlement agreement should be approved notwithstanding its provision that Plaintiff must bear his own attorney's fees and costs.

### III. CONCLUSION

For the foregoing reasons, the Joint Motion to Redact Settlement Documents [DE-37] is ALLOWED. Within seven days of the filing date of this order, the parties are DIRECTED to file the redacted versions of the Joint Motion to Approve Settlement Agreement and the Settlement Agreement as publicly-available judicial records on the docket. The Clerk of Court is DIRECTED to maintain the memorandum in support of the Joint Motion [DE-36] and the supporting affidavit [DE-36-3] under seal. Additionally, the Clerk of Court is DIRECTED to maintain the documents at docket entries 25 and 27, which are the unredacted versions of the motion to approve settlement and the associated settlement documents, under seal.

Additionally, the Motion to Approve the Settlement Agreement [DE-27] is DENIED WITHOUT PREJUDICE. Within 28 days of the filing date of this order, the parties may file (1) a notice that the parties intend to proceed to trial; or (2) a new motion to approve a different settlement agreement. Any new settlement agreement must contain revised language concerning what Plaintiff must treat as a confidential, and any motion filed to approve a new settlement agreement must address what compensation Plaintiff must pay to his attorney, including appropriate supporting evidence, and also address why the settlement agreement should be approved notwithstanding its

9

provision that Plaintiff must bear his own attorney's fees and costs.

SO ORDERED.

This the 13 day of November, 2013.

_James C. Fox_
James C. Fox
Senior United States District Judge